[No. 12051. Department One. — September 6, 1889.]

EUGENE DALTON, APPELLANT, v. JULIA LEAHEY, RESPONDENT.

MORTGAGE — DEED ABSOLUTE — AGREEMENT FOR REPURCHASE — TRUST — FINDINGS OUTSIDE OF ISSUES. — In an action to have a deed absolute on its face declared a mortgage, if the court finds that the deed was a conveyance in satisfaction of a debt due from the grantor to the grantee, and renders judgment for the defendant, the judgment will not be reversed because of findings outside the issues, and unwarranted by the evidence, as to a parol agreement for repurchase of the premises by the plaintiff, upon paying the price at which they were sold, with interest, and that the property was held in trust for the plaintiff, with the right to reimbursement.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Craig & Meredith,* for Appellant.

*Kellogg & King,* for Respondent.

WORKS, J.—This action was brought to have a deed absolute in form declared a mortgage. The court below found that the instrument was not a mortgage, but a conveyance in satisfaction of a debt due from the grantor to the grantee, and rendered judgment for the defendant. Counsel for appellant contend that the findings of the court are not sustained by the evidence; but we think otherwise. It is further claimed that the findings are contradictory, and do not support the conclusions of law and judgment. Some countenance is given to this claim by the finding of a parol agreement that the plaintiff should have the privilege of receiving back the property at any time by paying the price for which he sold the same, with interest; but this finding was outside of the issues, and was without any evidence to support it. The whole contention of the plaintiff, as shown by his complaint, and the evidence given to support it, was, that the money received by him was a loan, and not for the purchase of the property, and that the instrument in controversy was a mortgage to secure such loan. There was no claim that the deed was either a conditional or a trust deed. We think this finding should not have been made, but it cannot so far affect the other findings as to justify a reversal of the case. As conclusions of law, the court found that the deed was not given as a mortgage, or as security for the payment of any indebtedness; that the relation of debtor and creditor, or mortgagor and mortgagee, did not exist between the parties, but that the grantee received and held the property as a trustee for plaintiff's benefit, with the right to be reimbursed as such trustee for his outlay, but that under the complaint the plaintiff was not entitled to an accounting,

or leave to redeem, or any other relief, and that the defendant was entitled to a judgment dismissing the action without prejudice. Judgment was entered accordingly. These conclusions of law are somewhat confusing; but the only criticism that can be made upon them is, that so far as they found the existence of a trust, they were outside of the issues, and were unwarranted by the evidence. They were more favorable to the appellant than we think they should have been, but we will not reverse the case for that reason.

Judgment and order affirmed.

BEATTY, C. J., and PATERSON, J., concurred.